IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Samuel Burningham,<br><br>        Plaintiff,<br>v.<br><br>Teton Toys Lehi, Inc. *d.b.a.* Teton Toys,<br><br>        Defendant. | Case No. 2:17-cv-00542-DBP<br><br>MEMORANDUM DECISION AND ORDER<br><br>Magistrate Judge Dustin B. Pead |

On June 6, 2017, Plaintiff Samuel Burningham ("Plaintiff") filed a Complaint against Defendant Teton Toys Lehi, Inc. dba Teton Toys ("Defendant") alleging a violation of the Americans With Disabilities Act ("ADA"), as amended (Compl., ECF No. 8.) The parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. 636(c) on February 6, 2018. (ECF No. 20.)

This matter is before the court on Defendant's Motion to Dismiss for lack of jurisdiction ("Motion"). (ECF No. 24.) The court has carefully reviewed the moving papers submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written papers. For the reasons below, the court GRANTS the Motion in part and DENIES the Motion in part.

## BACKGROUND

Plaintiff brings his action under Title III of the ADA, 42 U.S.C. § 12101 *et seq*. Plaintiff resides in Spanish Fork, UT and has a disability stemming from a diagnosis of multiple sclerosis. (ECF No. 27 at ¶¶2, 6.) Plaintiff relies primarily on the use of a wheelchair for mobility. *Id* at 6.

Defendant operates a specialty toy store located at 1438 East Main St., Suite #7, Lehi, UT. (ECF No. 8 at ¶3.)

Plaintiff asserts that he visited Defendant's store on or about April 4, 2017. (ECF No. 8 at ¶33.) Plaintiff alleges that Defendant was in violation of 36 C.F.R §1191, Appendix D, Guideline 403.5.1 because Defendant did not provide a clear width of 36" in all walking surfaces, aisles and pathways ("Claim A"). (ECF No. 8 at ¶34a.) Additionally, Plaintiff alleges that Defendant was in violation of 36 C.F.R §1191, Appendix D, Guideline 502.6 because an accessible parking space identification sign was placed in a manner in which Plaintiff "[was] not able to see…and quickly recognize where the accessible parking spaces [were] located," ("Claim B"). (ECF No. 8. at ¶34b.) Plaintiff also alleges that Defendant is failing to make "reasonable modifications in policies, practices and procedures necessary to accommodate…Plaintiff's disability and provide ongoing full and equal access as required by 42 U.S.C. §12182 (b)(2)(A)(ii); 28 C.F.R. §36.304(a) ("Claim C"). (ECF No. 8 at ¶34c.)

Defendant asserts that Plaintiff failed to state a claim upon which relief can be grated because Plaintiff's claim is vague and does not "raise the right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Defendant asks that the court dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).

Alternatively, Defendant argues that since Defendant has voluntarily remedied Plaintiff's alleged violations of the ADA, there is no longer an active case or controversy and the court must dismiss the matter for lack of subject matter jurisdiction. Defendant's voluntary remediation is asserted in the Declaration of Warren Gardner which is an exhibit introduced outside of the pleadings. (ECF No. 24-1 at 223–224.) Thus, Defendant contends to be making a

factual attack on subject matter jurisdiction. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

Defendant also argues that Plaintiff lacks standing. Defendant asserts that Plaintiff's injury is not sufficient because it is too speculative. Defendant argues that the litigation funding model employed by Plaintiff undermines Plaintiff's standing. Because the court is granting the Motion for lack of subject matter jurisdiction, the court's analysis does not reach these arguments.

## ANALYSIS

### A. The Disposition of Claim B for Failure to State a Claim

In evaluating a motion to dismiss for failure to state a claim, allegations are viewed in light which is favorable to the plaintiff. *See Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). The truth of each well-pleaded allegation is presumed and dismissal is only proper if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the truth of all well-pleaded factual allegations is assumed and they are viewed favorably for the plaintiff, mere conclusions and recitation of the elements of a claim may not "raise a right to relief above the speculative level." *Id*. at 555.

Although Claims A and C both contain legal conclusory statements and a recitation of the elements of the claim, they are also both supported by factual claims. When taken without the conclusory statements, the factual allegations alone are sufficient under the appropriate standard of review to articulate a plausible claim for relief.

Claim B, on the other hand, consists solely of an allegation that the Defendant violated the ADA by failing to provide accessible parking signs with specific qualities. Plaintiff fails to make any allegation that Defendant had a responsibility to provide accessible parking space

identification signs because Plaintiff does not claim that Defendant owns, operates or is any other way responsible for any particular parking spaces. Plaintiff fails to articulate with any specificity the location of the non-compliant parking space and fails to even articulate whether they are complaining that an existing sign is out of compliance with ADA regulations or if there was no sign at all. In turn, with regard to Claim B, Plaintiff has failed to raise their right to relief above the speculative level, and has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See Twombly,* 550 U.S. at 555. Therefore, Claim B is dismissed with prejudice.

### B. Motion to Dismiss for Lack of Jurisdiction – Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure gives the court the power to dismiss a complaint for lack of subject matter jurisdiction. The burden of establishing subject matter jurisdiction rests with the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). In general, a motion to dismiss for lack of subject matter jurisdiction can take one of two forms, facial or factual. *See Holt,* 46 F.3d *at* 1002. A facial attack challenges the overall sufficiency of the complaint while a factual attack can extend beyond the pleadings in order to contest the underlying facts upon which subject matter jurisdiction is based. *See Civil Rights Educ. & Enf't Ctr. v. Sage Hosp. Res., LLC*, 222 F. Supp. 3d 934, 953-54 (D. Colo. Mar. 28,2016); *Holt,* 46 F.3d at 1002.

When evaluating a factual attack on subject matter jurisdiction, consideration of evidence outside of the pleadings does not automatically convert the motion to a summary judgment motion. *Holt,* 46 F.3d at 1002; *see generally Wheeler v. Hurdman*, 825 F.2d 257 (10th Cir. 1987). Conversion to a motion to dismiss under Fed. R. Civ. P. 56 is appropriate, however, when the jurisdictional claims and the substantive claim are intertwined. *Holt,* 46 F.3d at 1002 (10th

Cir. 1995); *see also Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 978 (10th Cir. 2002). The jurisdictional question is generally considered to be intertwined with the merits of a case "if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Holt,* 46 F.3d at 1002 (10th Cir. 1995) (citing *Wheeler*, 825 F.2d at 259). "The underlying concern, however, is 'not merely . . . whether the merits and the jurisdictional issue arise under the same statute,' but instead 'whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'" *Gabriel v. United States*, 683 Fed. Appx. 671, 673 (10th Cir. 2017) (citing *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000)).

Defendant's Motion alleges that Plaintiff's claims are moot based on Defendant's substantial remediation. Therefore, Defendant challenges the court's jurisdiction on a factual basis. The facts raised in the Declaration of Warren Gardner concern jurisdictional issues because they contemplate the remedial efforts undertaken by Defendant. The Declaration of Warren Gardner does not assert facts that dispute whether the ADA violations occurred. In turn, the court can determine if Plaintiff's claims are moot without making a determination with respect to the meritorious claims. Consequently, the jurisdictional facts are not intertwined with the merits of the case and the court does not need to convert Defendant's Motion into one for summary judgment. *See Kelley v. Cafe Rio, Inc*., 2017 U.S. Dist. LEXIS 189323, *9–11 (D. Utah Nov. 15, 2017). In turn, the court will analyze the Motion under the 12(b)(1) standard.

**C. Discussion – Motion to Dismiss for Lack of Jurisdiction**

Defendant's Motion argues that the court should dismiss the Plaintiff's claims because Defendant has voluntarily remedied the ADA violations thereby rendering the Plaintiff's claims moot. "Mootness is a threshold issue because the existence of a live case or controversy is a

constitutional prerequisite to federal jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). In order to maintain jurisdiction, a controversy must remain live throughout the entire proceeding. *See Kelley*, LEXIS 189323 *4 (citing *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). When determining whether a controversy remains live, "[t]he crucial question is whether 'granting a present determination of the issues offered will have some effect in the real world.'" *Kelley*, LEXIS 189323 *4 (citing *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174 (10th Cir. 2000)).

Under Title III of the ADA, a court is only authorized to issue injunctive relief. *Kelley*, LEXIS 189323 *3. Therefore, when a Defendant, as is the case here, is already voluntarily complying with any injunctive relief that may have otherwise been ordered by a court, this action can have the effect of mooting a Plaintiff's claims. *See Id*; *see also Tandy v. City of Wichita*, 380 F.3d 1277, 1290–91 (10th Cir. 2004); see *also Bacon v. Walgreen*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015); *see also National Alliance for Accessibility, Inc. v. Wallgreens Co.*, 2011 WL 5975809, *4–10 (M.D. Fla. Nov. 28, 2011).

While Plaintiff relies on *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, to argue that voluntary cessation does not deprive federal courts of jurisdiction because it would leave the defendant "free to return to his old ways," 528 U.S. 167, 189 (2000), the 10th Circuit has held otherwise with respect to cases involving alleged ADA violations. Accordingly, defendants who have been alleged to be in violation of the ADA cannot reasonably be expected to return to violating the ADA after voluntarily coming into compliance. *See Tandy*, 380 F.3d at 1291.

In addition to *Tandy*, recent opinions issued in this District offer further support for this dismissal. In *Shelton v. Café Rio, Inc.* the plaintiff brought suit against defendant for failing to

6

install an ADA compliant parking lot sign. 2017 WL 4402425, *1–2 (D. Utah Oct. 2, 2017). Café Rio filed a motion to dismiss arguing that the installation of a compliant sign rendered the plaintiff's claim moot. *Id.* The Honorable Dale A. Kimball held that the plaintiff offered "no legitimate reason why Café Rio would desire to dig up the cemented sign if the case was dismissed as moot." *Id; see also Kelley*, LEXIS 189323 at *8–9. In *Kelley v. Café Rio, Inc.*, plaintiff brought suit for parking lot violations and for failing to provide a soap dispenser positioned per ADA requirements. *Kelley*, LEXIS 189323 at *1–2. The Honorable Ted Stewart held that plaintiff "provided no evidence or reasoning supporting that [d]efendant is likely to bear the cost of undoing its remedial efforts only to defy the ADA requirements and risk further litigation." *Id. at* *10.

In the present case, Defendant offers evidence in the form of a declaration and supporting photographs to support that they have widened their aisles and made adjustments to policies "to be certain that all aspects of the store remain well within ADA requirements." (ECF No. 24-1 at 223-226.) Plaintiff offers no persuasive evidence or reasoning to support the proposition that Defendant is likely to undo its efforts and risk future litigation. Plaintiff does, however, aver a "specific intent to return to Defendant's premises" in the future. (ECF No. 26 at 24.) Thus, making it even less likely that Defendant would return to their old ways and risk becoming embroiled in future litigation regarding the allegedly violating the ADA.

The Plaintiff argues that Defendant has not met its heavy burden of making it absolutely clear that its illegal conduct would not occur again. In support of this argument, Plaintiff cites *Sheely v. MRI Radiology Network, Inc.* 505 F.3d 1173 (11th Cir. 2007). In *Sheely*, the plaintiff brought suit after she and her seeing-eye dog were denied entry to certain areas of defendant's

7

facility. *Id.* The defendant in *Sheely* made no structural changes but instead simply professed not to revive an unwritten policy. *Id.*

The facts of this case are distinguishable from *Sheely*. The widening of the aisles in Defendant's store is much more analogous to the moving of a bathroom soap dispenser, the relocation of security sensors, or the installation of a parking lot sign. *See Kelley*, LEXIS 189323 at *1–2; *see also Bacon v. Walgreen*, 91 F. Supp. 3d 446, 448–49 (E.D.N.Y. 2015); *see also Shelton*, 2017 WL 4402425, *1–2 (D. Utah Oct. 2, 2017).

Furthermore, Plaintiff argues that Circuit Courts have established 11 prongs that must be satisfied before jurisdiction may be lost to mootness. (ECF No. 26 at 15.) Plaintiff, however, fails to show that this 11-prong test has been adopted in full by this Circuit. Some of the prongs are derived from within the 10th Circuit while others seem to be derived from other jurisdictions. The court is not persuaded that this is a single, cohesive 11-prong test which must be applied in this circumstance.

Defendant has remedied the ADA violations alleged in Plaintiff's complaint. These changes included both physical modification to Defendant's store and adjustments to policies and employee procedures. There is no logical reasoning that suggests that Defendant will return to violating the ADA in the future and risk returning to court. Therefore, the court finds that the alleged violations are not likely to reoccur and dismisses the matter as moot.

**D. Sanctions**

Defendant requests the court impose a sanction of attorney fees under 28 U.S.C. § 1927 or by using the court's inherent power. Federal law permits courts to sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" by requiring the attorney to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred

because of such conduct." 28 U.S.C. § 1927.  Such a sanction, however is extreme and should be imposed "only in instances evidencing a serious and standard disregard for the orderly process of justice." Baca v. Berry, 806 F.3d 1262, 1268 (10th Cir. 2015) (citations and internal quotation marks omitted).

Separately, a court may sanction a party using its "inherent power." Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991). When using its inherent powers to impose sanctions, courts may consider "inconvenience and the waste of judicial resources" caused by a party. *Mellott v. MSN Commc'ns, Inc.*, 492 14 F. App'x 887, 889 (10th Cir. 2012).  A "primary aspect" of the court's discretion in exercising inherent powers "is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers, 501 U.S. at 44–45.

Defendant contends that Plaintiff recklessly and knowingly acted in bad faith by participating in a scheme to profit from ADA litigation.  Furthermore, Defendant contends that Litigation Management and Financial Services, LLC ("LMFS") is the real party of interest in this case.

Though such allegations are serious and of concern, the court declines to impose sanctions at this time.  The court would need to hold an evidentiary hearing to properly and thoroughly address Defendant's allegations before requiring Plaintiff's counsel to be personally responsible for Defendant's litigation costs incurred in this case.  In light of the dismissal of this action, conducting such a hearing would serve to only further increase each party's litigation costs and be a waste of judicial resources.  Therefore, Defendant's request for sanctions is denied.

**ORDER**

For the reasons stated above, the court hereby Orders the Defendant's Motion is GRANTED in part and DENIED in part. (ECF No. 24.)

IT IS SO ORDERED.

DATED this 30th day of November, 2018.

BY THE COURT:

_____
Magistrate Judge Dustin B. Pead
United States District Judge